**Grossie R. JOACHIM and E. C. Joachim, doing business as Joachim Implement Service, Plaintiffs in Error,**

v.

**Z. F. DETERMAN, Defendant in Error.**

No. 37433.

Supreme Court of Oklahoma.

June 11, 1957.

Rehearing Denied July 2, 1957.

Wm. T. Powell, Walters, for plaintiffs in error.

Funston Flanagan, Walters, for defendant in error.

JOHNSON, Justice.

This is an action brought by Grossie R. Joachim and E. C. Joachim, doing business as Joachim Implement Service, against Z. F. Determan in which they seek to recover in their first cause of action on a promissory note. The note was executed by defendant Determan on June 11, 1948, for the sum of $3,475, with interest thereon at the rate of five per cent until paid. The note is made payable to Grossie R. Joachim and/or E. C. Joachim.

In their second cause of action they seek judgment against defendant on an open account in the sum of $82.25 for an automobile tire and tube alleged to have been sold and delivered to defendant.

Defendant in his answer admits the execution of the note sued on and also admits that he is indebted to plaintiffs on the account mentioned in plaintiffs' petition. Defendant, however, in his answer pleads an

offset and sets up various items for which he claims credit, summarized as follows:

"Grain of the value of...................... $2,164.00
Double charge of the plaintiffs............ 225.00
Failure to adjust tire...................... 40.00
Water pump, less use....................... 125.00
Location damages to agricultural lease.. 300.00
Manure spreader and freight.............. 351.45
Payments made on combine account..... 345.41
Wheat sowing ............................ 1,500.00
Lease relinquishment ..................... 250.00
Cattle pasture ........................... 384.00
Seed wheat ............................... 158.00"

The total of items claimed is $5,842.84. The facts relative to the above items for which defendant claims credit are set out in detail in his answer and amended answer.

Defendant offered evidence tending to establish each and every item of credit claimed by him in his offset. Plaintiffs offered evidence tending to establish that they are not indebted to defendant for any of the items claimed by him as an offset.

The case was tried to a jury resulting in a verdict in favor of defendant. Plaintiffs' motion for new trial was overruled, and judgment was entered on the verdict in favor of defendant. Plaintiffs appeal.

The main issues involved in this appeal as set forth in plaintiffs' brief arise out of the credit claimed by defendant on the note for the delivery of the grain mentioned by him in his offset and certain instructions given by the court to the jury.

Defendant testified that in the year 1949 he delivered to plaintiffs 100 bushels of seed wheat, 960 bushels of wheat and 100 bushels of oats, and that the value thereof was to be credited on the note here involved; that the plaintiffs gave him a receipt or credit slip acknowledging that credit therefor should be entered on the note and offered in evidence the credit slip issued by plaintiff E. C. Joachim, which is as follows:

"* * * * Date 6–20–1949 * * * Credit 100 bu Seed Wheat 960 Wheat for loan on note $100.00 on oats to note."

Defendant further testified that the note in question is the only note he ever gave plaintiffs. It is stipulated that the value of the oats, seed wheat and the 960 bushels of wheat delivered by defendant to plaintiffs is $2,164.

Plaintiff E. C. Joachim in his testimony admitted that he issued the credit slip above mentioned; that he received the grain testified to by defendant, and that he agreed to give defendant credit on the note in question for the value thereof. He, however, testified that he failed to give him credit on the note for the reason his wife was the owner of the note and would not accept the grain as a credit on the note, but would accept nothing but cash as credit. He further testified that while his wife assisted him in the conduct of his business, they were not partners. Mrs. Joachim likewise so testified.

Plaintiff E. C. Joachim further testified that he thereafter sold the wheat and gave defendant credit therefor on an open and running account then existing between them in the sum of $2,068.20 and introduced a ledger sheet showing the credit. The date upon which the credit was given is not shown. Mr. Joachim, however, testified that he credited the account sometime in 1951. The evidence further shows that there appeared in the account against which the credit was given a charge against defendant in the sum of $1,820.25 for the use of a tractor and plowing 379 acres of land.

Defendant, however, testified that he paid plaintiff for the use of the tractor and plowing the land the sum of $1,522.65, which he understood was in satisfaction of that item of the account. The payment was made by check under date of November 14, 1947. The check was introduced in evidence showing the payment.

After the check was presented to Mr. Joachim, he admitted that he received such payment and failed to give plaintiff credit on the account for such payment and testified that he was entitled to such credit. He, however, further testified that there remained sufficient other items on the account to cover the credit given. The tickets making up these items were introduced in evidence and exhibited to the jury.

The court in its Instruction No. 5 instructed the jury:

"Evidence has been introduced by both sides relative to the question as to whether or not Mr. and Mrs. Joachim were partners during the occasions involved in this law suit. You are instructed that as a matter of law, in this particular case, whether they were parners or not, it is your duty to give Mr. Determan credit on the note and the account sued on, of $82.25, if you should find said account owing, for any one or more of the items heretofore set out which he claims in his cross-petition, that you find is due and owing Mr. Determan, if any, in addition to the sum of $1,522.65, which, as heretofore explained, he is entitled to under the admission of the plaintiffs."

The former instruction referred to by the court in its Instruction No. 5 was given by the court in its Instruction No. 3. In that instruction, after referring to items of credit claimed by defendant in his offset, and after instructing the jury relative thereto the court further instructed the jury:

"In addition to your consideration as to these above mentioned items, you must, in any event, give defendant credit for $1,522.65, since Mr. Joachim admitted, when he was on the witness stand, that Mr. Determan had not been given credit for the check dated Nov. 14, 1947, in that sum; which check was marked Defendant's Exhibit B, said check being made payable to Mr. Joachim."

Plaintiffs excepted to these instructions and assigned the giving of the same as error. We think there is merit in this assignment. Defendant in his answer and offset did not claim credit on the note for the $1,522.65 paid on the plowing account, nor did he make such claim at any time during the trial. His contention is that the giving of the check above mentioned was given in satisfaction of the charge against him for the use of plaintiffs' tractors and plowing the land. This payment was clearly made on that account and merely had the effect of settling the plowing item contained in the account, and under no theory was the defendant entitled to a credit therefor on the note.

The jury returned a verdict in favor of defendant without awarding any judgment on his claimed offset. It is impossible to determine what items of credit claimed by defendant in his offset were allowed by the jury and what items were disallowed.

The note in question is for the principal sum of $3,475 with interest thereon at the rate of five percent from date until paid. Interest computed on the note up to the date the suit was filed (June 9, 1953) amounts to $868.75, making a total due on the note at that time of $4,343.75. Defendant's claimed offset amounts to the sum of $5,842.80. One of the items claimed by the defendant in his offset is for the delivery of grain to plaintiffs of the value of $2,164. Relative to this item the court instructed the jury in its Instruction No. 3 as follows:

"Also in this connection, you are instructed that if the amounts of credit, indicated by Defendant's Exhibit A, which he claims as a credit on the note, in the sum of $2,164.00, was actually credited on defendant's account with plaintiffs, then the defendant, Mr. Determan, cannot claim that item as a credit on the note, since a person, of course, can never claim, in law, a double credit. If, however, he was not given such credit on his account, then, of course, he would be entitled to that credit on the note in such sum as you find he actually is entitled to on that item, if any."

It is undisputed that the plaintiffs did give defendant credit on open account for 960 bushels of wheat delivered to plaintiffs in the sum of $2,068.20, and plaintiffs testified that eliminating the plowing item of the account which was credited, there remains sufficient items to cover this credit. This evidence is not disputed by defendant.

Therefore, if the jury followed the instruction of the court in this respect, it could not have allowed defendant credit on

the note for the value of the wheat delivered to plaintiffs, and eliminating this credit the jury could not have under the evidence returned a verdict in favor of defendant without allowing credit on the note for the $1,522.65 paid by defendant on the plowing account.

We therefore conclude that the trial court committed prejudicial error in giving the challenged instruction to the jury.

Judgment reversed and cause remanded for a new trial.

WELCH, C. J., and DAVISON, HALLEY, BLACKBIRD and CARLILE, JJ., concur.

WILLIAMS, J., dissents.